KELLEY DRYE & WARREN LLP
Paul A. Rosenthal (State Bar No. 338994)
paulrosenthal@kelleydrye.com
Glenn T. Graham (State Bar No. 338995)
ggraham@kelleydrye.com
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

Attorneys for Defendant
NATURELO PREMIUM SUPPLEMENTS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Fred Wallin, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Naturelo Premium Supplements LLC,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 22STCV14128]<br><br>Complaint Filed: April 27, 2022<br>Action Removed: May 27, 2022 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Naturelo Premium Supplements LLC ("Naturelo") hereby removes the above-captioned putative class action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.   This Court has original jurisdiction over this action

1
NOTICE OF REMOVAL

pursuant to 28 U.S.C. § 1332(d).  In support of removal, Naturelo states the following:

### FIRST FEDERAL ACTION

1. On February 24, 2022, Plaintiff filed a putative class action complaint against Naturelo in this Court, captioned *Wallin v. Naturelo Premium Supplements LLC*, No. 2:22-cv-01261-PA (the "First Federal Action").  A copy of the Complaint in the First Federal Action is attached hereto as Exhibit A (the "First Federal Action Complaint").

2. In the First Federal Action Complaint, Plaintiff asserted claims for: breach of express warranty; breach of express warranties pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; fraudulent concealment; violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; and violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

3. Plaintiff alleged jurisdiction over the First Federal Action under the Class Action Fairness Act ("CAFA"):

> This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Class Members, and Defendant are citizens of different states.

(Ex. A ¶ 6.)

4. On March 15, 2022, Plaintiff's counsel provided and Naturelo executed a Waiver of the Service of Summons.  (Ex. B.)

5. On March 30, 2022, Judge Percy Anderson issued an order, *sua*

*sponte*, dismissing the First Federal Action Complaint for lack of sufficient jurisdictional allegations, with leave to re-plead by April 18, 2022. (*See* Ex. C.)

6. On April 11, 2022, Plaintiff voluntarily dismissed without prejudice the First Federal Action pursuant to Rule 41(a)(1)(A)(i). (*See* Ex. D.)

## STATE COURT ACTION

7. On April 27, 2022, Plaintiff filed a putative class action complaint against Naturelo in the Superior Court of California, County of Los Angeles, captioned *Wallin v. Naturelo Premium Supplements LLC*, No. 22STCV14128 (the "State Court Action"). A copy of the complaint in the State Court Action is attached hereto as Exhibit E (the "Complaint").

8. The Complaint is similar to the First Federal Action Complaint—alleging that Naturelo inaccurately markets magnesium supplements as containing 200 mg of magnesium as magnesium glycinate chelate. (*See* Compl. ¶¶ 1-3.)

9. As in the First Federal Action Complaint, the Complaint includes claims for: breach of express warranty; breach of express warranties pursuant to the Magnuson-Moss Warranty Act; fraudulent concealment; and violations of the FAL, CLRA, and UCL. (*See id* at pp. 18-31.)

10. Plaintiff purports to bring the claims on behalf of a putative nationwide class ("Nationwide Putative Class") and a putative California subclass ("California Putative Subclass"), each defined as follows:

> **Nationwide Class:** All persons in the United States who, within four (4) years of the filing of this Complaint, purchased Defendant's Magnesium Supplements.
>
> **California Sub-Class:** All persons residing in California who, within four (4) years of the filing of this Complaint, purchased Defendant's Magnesium Supplements.

(*Id.* ¶ 35.)

11. Specifically, Plaintiff purports to bring the breach of express

warranty, Magnuson-Moss Warranty Act, and fraudulent concealment claims on behalf of the Nationwide Putative Class or alternatively the California Putative Subclass, and the California statutory claims (FAL, CLRA, and UCL) on behalf of the California Putative Subclass.  (*See id.* at pp. 18-31.)

12.  For relief, Plaintiff seeks, on behalf of himself and the putative classes: actual, incidental, consequential, statutory, and punitive damages; restitution, disgorgement, or other equitable relief; injunctive relief concerning the practices alleged in the Complaint; attorneys' fees and costs; as well as pre-judgment and post-judgment interest.  (*Id.* at pp. 31-32, Demand for Relief.)

13.  On April 29, 2022, Plaintiff served the Complaint and summons on Naturelo.  (*See* Ex. F.)

## GROUNDS FOR REMOVAL

14.  This Court has subject matter jurisdiction over Plaintiff's claims under CAFA.

15.  Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

16.  "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This Is a "Class Action" With More Than 100 Putative Class Members**

17.  This action meets CAFA's definition of a class action, which is "any

civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

18. The putative class Plaintiff seeks to represent includes more than 100 members. Plaintiff alleges that "there are thousands of members of the Nationwide Class and California Sub-Class." (Compl. ¶ 37.) Separately, Naturelo has determined that the putative classes, as alleged, include more than 100 members. (*See* Declaration of Evan Bashoff ("Bashoff Decl.") ¶¶ 4-5.)

**There Is Minimal Diversity of Citizenship**

19. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that Plaintiff "is and at all times relevant hereto was an adult individual residing in Westlake Village, Los Angeles County, California." (Compl. ¶ 4.) Naturelo is informed and believes that Plaintiff is a citizen of California.

21. For CAFA removal purposes, an unincorporated association is "a citizen of the state where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (explaining that this "departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'" (quoting *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004))). Courts have interpreted this rule to apply to limited liability companies. *See Heritage Pac. Fin., LLC v. Cole*, No.

5
NOTICE OF REMOVAL

CV100394PSG(JEMX), 2010 WL 2349607, at *1 (C.D. Cal. June 7, 2010) (distinguishing the citizenship rules for limited liability companies in non-CAFA cases, 28 U.S.C. § 1332(c)(1), and CAFA cases, 28 U.S.C. § 1332(d)(10)); *accord Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010) (applying 28 U.S.C. § 1332(d)(10) to limited liability company defendant where CAFA at issue). Naturelo is a Delaware limited liability company with its principal place of business in New Jersey. (*See* Compl. ¶ 5; Bashoff Decl. ¶ 2.) Naturelo is, therefore, a citizen of New Jersey and Delaware.

22. Still, courts have, including in the First Federal Action, instead applied the non-CAFA standard for determining the citizenship of limited liability companies where CAFA jurisdiction is at issue. Under that traditional standard, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Naturelo's sole member is a citizen of New Jersey and Nevada. (Bashoff Decl. ¶ 3.) Thus, regardless of the standard, Naturelo is diverse from Plaintiff.

23. Although more is not needed, as noted above, the putative classes include both "persons residing in California" and others in any other states that purchased the products at issue during the relevant timeframe. (Compl. ¶ 35.) Thus, one or more members of the putative classes are diverse from Naturelo.

**The Alleged Amount in Controversy Exceeds $5,000,000**

24. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

25. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy

exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

26. Naturelo denies the validity and merit of Plaintiff's claims, the legal theories upon which they is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

27. **<u>Disgorgement, Restitution, and Damages.</u>** Plaintiffs seek "actual damages, incidental and consequential damages, punitive damages, statutory damages[,]" "restitution" and disgorgement on behalf of all members of the Nationwide Putative Class and the California Putative Class. (Compl. at p. 32, Demand for Relief.)

28. Naturelo's customers have paid, in the aggregate, approximately $4,500,000 for the products at issue within the four years preceding the Complaint. (Bashoff Decl. ¶ 6.)

29. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

30. **<u>Injunctive Relief.</u>** Plaintiff also seeks injunctive relief. (Compl. at p. 32, Demand for Relief.) The "value" of the injunctive relief for purposes of the jurisdictional inquiry depends on the value to the plaintiff or the cost to the defendant if such relief is granted. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *see also In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("where the value of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the jurisdictional amount,

but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes"). Here, Plaintiff seeks to enjoin Naturelo from the conduct he considers "unlawful and unfair business acts and practices as alleged" in the Complaint. (Compl. at p. 32, Demand for Relief.) Although Naturelo disputes that Plaintiff is entitled to any such remedy, the value of any injunctive relief awarded to Plaintiff—measured by the cost to Naturelo—serves to put the potential amount in controversy above the $5,000,000 CAFA threshold.

31. **<u>Punitive Damages.</u>** Plaintiff seeks punitive damages. (Compl. ¶¶ 71, 92; *id.* at p. 32, Demand for Relief.) Plaintiff contends that Naturelo's alleged "actions and omissions were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being, to enrich Defendant." (*Id.* ¶ 71.) This type of alleged conduct may support a punitive damages award. Cal. Civ. Code § 3294. And punitive damages are potentially recoverable under Plaintiff's CLRA claim. *See Sloan v. 1st Am. Auto. Sales Training*, No. 216CV05341ODWSK, 2017 WL 1395479, at *3 n.4 (C.D. Cal. Apr. 17, 2017).

32. Punitive damages contribute to the overall amount in controversy for CAFA purposes, *id.* at *3; and "[a] ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy." *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA); *accord Sloan*, 2017 WL 1395479 at *3 (same); *Tompkins v. Basic Rsch. LL*, No. CIV. S08244LKKDAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (same).

33. Naturelo denies that Plaintiff is entitled to any punitive or other

1  damages whatsoever, but even a conservative one-to-one ratio would further
2  elevate the amount in controversy above the $5,000,000 CAFA statutory
3  minimum.  *See Sloan*, 2017 WL 1395479 at *3 (considering whether potential
4  restitutionary damages satisfied threshold, explaining that potential figure needed
5  "can be cut in half once punitive damages are factored into the equation").

6       34.   **Attorneys' Fees.**  Plaintiff also seeks attorneys' fees, which further
7  bolsters the conclusion that the amount in controversy threshold is satisfied here.
8  (Compl. ¶¶ 59, 92; *id.* at p. 32, Demand for Relief.)  The amount in controversy
9  includes all reasonable attorneys' fees not merely through the date of removal, but
10 through resolution of the action.  *Fritsch v. Swift Transportation Co. of Arizona,*
11 *LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

12      35.   Plaintiff brings a claim under the CLRA, which authorizes an award
13 for attorneys' fees.  Cal. Civ. Code § 1750(e) ("The court shall award court costs
14 and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this
15 section.").  "When reviewing attorneys' fees in the class action context, the Ninth
16 Circuit has held that the 'benchmark' for a reasonable fee is 25% of the class
17 award's common fund."  *Bayol* 2015 WL 4931756 at *9 (citing *Hanlon v. Chrysler*
18 *Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-*
19 *Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011)); *accord Sloan*, 2017 WL 1395479
20 at *3 (citing 25% benchmark).  Attorneys in class actions brought under
21 California's consumer protection statutes have sought attorneys' fees in the
22 millions.  *See Retta v. Millennium Prod., Inc.*, No. CV15-1801 PSG AJWX, 2017
23 WL 5479637, at *10 (C.D. Cal. Aug. 22, 2017) (awarding over $2,000,000 in
24 attorneys' fees in mislabeling class action); *accord Brown v. Hain Celestial Grp.,*
25 *Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016)
26 (awarding over $3,000,000 in mislabeling class action).

27      36.   If proven, Plaintiff's Magnuson-Moss Warranty Act claim allows for
28

attorneys' fees. *See* 15 U.S.C.A. § 2310(d)(2) (authorizing recovery of aggregate amount of costs and expenses, including attorneys' fees). The lodestar method is applied to the recovery of fees for Magnuson-Moss Warranty Act claims. *Corzine v. Whirlpool Corp.*, No. 15-CV-05764-BLF, 2019 WL 7372275, at *10 (N.D. Cal. Dec. 31, 2019). The lodestar method calculates recoverable fees by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate for the region and for the experience of the lawyer, with the resulting amount subject to a multiplier based on various factors. *Id.* Complex class litigation often yields a significant upward multiplier—"'[m]ultipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.'" *Id.* at *11 (quoting *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995)). Applying the lodestar method, with the additional cross-check of the 25% benchmark, courts have awarded fees in the millions to class counsel on Magnuson-Moss Warranty Act claims. *See id.* (granting request for nearly $2,000,000 in fees); *accord Roberts v. Electrolux Home Prod., Inc.*, No. CV13-2339-CAS VBKX, 2014 WL 4568632, at *8 (C.D. Cal. Sept. 11, 2014) (awarding $8,000,000 in fees).

37.   Thus, the Court must also account for a potential attorneys' fee award of approximately 25% of the other amount in controversy (which based on the $4,500,000 sales would be approximately $1,125,000), further supporting the conclusion that the amount in controversy exceeds $5,000,000.

## REMOVAL IS PROCEDURALLY PROPER

38.   Removal is timely because Naturelo filed this notice within thirty days of Plaintiff's service of the Complaint on Naturelo. *See* 28 U.S.C. § 1446(b)(1).

39.   Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—Los Angeles, California. *See* 28

U.S.C. §§ 89(b), 1441(a).

40. Naturelo submits with this notice a copy of all process, pleadings, and orders served upon it in this action as Exhibit G. *See* 28 U.S.C. § 1446(a).

41. Naturelo will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

42. Naturelo will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER**

43. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and Naturelo reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

44. Naturelo does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

DATED: May. 27, 22

KELLEY DRYE & WARREN LLP
Paul A. Rosenthal
Glenn T. Graham

By: /s/ Paul A. Rosenthal
　　　Paul A. Rosenthal

Attorneys for Defendant
NATURELO PREMIUM SUPPLEMENTS LLC